```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  JILL M. THOMAS
    Assistant U.S. Attorney
 3  CHRIS CHANG
    JUSTIN L. LEE
 4  Special U.S. Attorneys
    501 I Street, Suite 10-100
 5  Sacramento, California  95814
    Telephone: (916) 554-2700
 6
 7
 8              IN THE UNITED STATES DISTRICT COURT
 9             FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,      )  2:12-CR-00013-CKD
                                   )
12                Plaintiff,       )  SUMMARY ORDER RE: DEFENDANT
                                   )  CLAIRBORNE'S MOTION IN LIMINE
13       v.                        )  TO SUPPRESS CHARACTER
                                   )  EVIDENCE
14  TAMARA A. CLAIRBORNE,          )
    RODNEY L. TAYLOR,              )
15                                 )
                                   )
16                Defendants.      )
                                   )
17  _____
```



FILED

JUL 1 0 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              DEPUTY CLERK

This case came before the Court on July 9, 2012, for a hearing on Defendant Clairborne's Motion in Limine to Suppress Character Evidence. The defendant appeared with her respective counsel, Zachary Schultz, Sarah Staudt, and Linda Harter. Chris Chang, counsel for the government, appeared on behalf of the United States of America.

After considering the written briefs filed by the parties; and oral argument by counsel, the Court HEREBY ORDERS that defendant's Motion to Suppress Character Evidence is DENIED. A summary of the Court's analysis is outlined below:

1. The Court finds that the United States will be permitted

1 to introduce evidence of the fraudulent Social Security and
2 California Identification cards found inside of the defendant's
3 car near where the purse was recovered as a prior act under
4 Federal Rule of Evidence 404(b) for the limited purpose of
5 proving the defendant's intent to steal, motive to steal the
6 purse, ~~ownership and control of the vehic~~le, and absence of
7 mistake or accident in taking the purse.

8     2. In finding that the United States may introduce the
9 evidence under Federal Rule of Evidence 404(b), the Court
10 analyzed the factors set out in United States v. Tsinnijinnie, 91
11 F.3d 1285, 1288-89 (9th Cir. 1996). The four factors are: (1)
12 the uncharged act is introduced to prove a material issue in the
13 case; (2) the uncharged act was not too remote in time; (3)
14 sufficient proof exists for the jury to find that the defendant
15 committed the uncharged act; and (4) the uncharged act is similar
16 to the offense charged. Id.

17     3. The evidence of the fraudulent identification documents
18 is material to prove the defendant's intent to steal the purse
19 and to prove that the carrying away of the purse was not the
20 result of mistake or accident. The evidence is probative of the
21 defendant's intent, motive, ownership/control of the vehicle, and
22 absence of mistake or accident in taking the purse. Because
23 intent is an element of the crime that the United States must
24 prove, evidence of intent is material. See United States v.
25 Mayans, 17 F.3d 1174, 1182 (9th Cir. 1994).

26     4. The evidence is not too remote in time because the
27 possession of the fraudulent identification documents occurred at
28 the exact same time as the charged conduct.

5.   There is sufficient proof that exists for the jury to find that the defendant committed the uncharged act as the fraudulent identification are in the possession of the United States, and they will be presented during the trial.  Mather VA law enforcement officials intend to testify that the documents were recovered from inside of the vehicle the defendant owns. Additionally, both the Social Security and the California Identification cards bear Clairborne's first name, "Tamara," and her middle name, "Antonella."

6.   The defendant's possession of the fraudulent identification documents is similar to the charged conduct.  "A much lower degree of similarity is required to prove a state of mind than to prove identity," this act is sufficiently similar to provide a basis for the jury to draw a reasonable inference regarding the defendant's state of mind in this case.  United States v. Nelson, 137 F.3d 1094, 1107 (9th Cir. 1998).  The defendant was in possession of fraudulent identification documents and the purse also contained identification documents. The defendant's possession of fraudulent identification documents goes to her state of mind at the time of the criminal conduct.

7.   The Court found that the probative value of the evidence ~~is~~ substantially outweigh(s) ~~by~~ considerations of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and needlessly presenting cumulative evidence under Federal Rule of Evidence 403.

**IT IS SO ORDERED.**

DATED: 7/10/12

HONORABLE CAROLYN K. DELANEY
United States Magistrate Judge

3